UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CURTIS FANIEL,

                Petitioner,

-vs-                                        Case No.  8:03-cv-2196-T-17EAJ

JAMES V. CROSBY, JR.,

                Respondent.

_____/

## ORDER

      This cause is before the Court on Petitioner Curtis Faniel (Faniel's) 28 U.S.C. § 2254

petition for writ of habeas corpus.  Faniel challenges his convictions and sentences entered by

the Circuit Court for the Tenth Judicial Circuit, Polk County, Florida..

BACKGROUND

      On July 3, 1997, Curtis Faniel was charged in a joint information along with Joseph D.

Carter for his participation in the burglary of a Domino Pizza restaurant in Auburndale, Florida,

and robbery of the employees at gunpoint. In an amended joint information filed on January 21,

1998, Faniel was charged with armed burglary; felony causing bodily injury to Mark Poe; felony

causing bodily injury to Jerry Salter; armed robbery of Jerry Salter; shooting within a building;

attempted armed robbery of Mark Poe; and armed robbery of Paul Wilkerson.        ~~Represented~~

by Lee A. Cohen, Esq., Faniel litigated a motion in which he attempted to  suppress evidence

at a pre-trial hearing on December 18, 1997. The state trial court denied the motion on January

15, 1998.  Faniel proceeded to jury trial on February 24-25, 1998.[1]   At the close of the state's

case, the trial court granted Faniel's motion for judgment of acquittal to the limited extent of

_____

[1] The co-defendant entered a plea to the charges against him.

reducing one charge to attempted felony causing bodily injury to Mark Poe. Faniel was found guilty of the reduced offense and the remaining charges.

Sentencing proceedings were held on May 15, 1998, and June 5, 1998.  Faniel, seeking sentencing mitigation, expressed remorse for his role in the crimes. The state trial court imposed a low-end guideline <u>aggregate</u> sentence of 216.9 months incarceration.

Faniel appealed, arguing that the state trial court committed reversible error in denying Faniel's motion to suppress.   The state district court of appeal per curiam affirmed the convictions and sentences.   <u>Faniel v. State</u>, 755 So. 2d 120 (Fla. 2d DCA 2000)[table].

On May 4, 2001, Faniel filed a Rule 3.850 motion for postconviction relief.  In ground one,  Faniel contended he was denied his right to a public trial, claiming that all members of the public, including his family members were excluded from the courtroom during jury selection. In ground two, Faniel recast his issue as ineffective assistance of trial counsel.  He alleged his trial counsel was ineffective for not properly preserving his substantive claim raised in ground one of the Rule 3.850 motion, alleging his trial counsel was ineffective for not raising a timely objection on the basis of a Sixth Amendment violation of Faniel's right to a public trial.  His Rule 3.850 motion alleged that as a result of the lack of an appropriate objection by trial counsel, Faniel was prohibited from properly moving for mistrial and raising his issue on direct appeal.[2] In a non-final order, the state trial court directed the state to respond to Faniel's claims concerning the alleged denial of a public trial.  The remaining claims were summarily denied.

---

[2] In additional grounds, Faniel faulted his trial counsel for not properly investigating a defense premised on his purported lack of awareness of the co-defendant's possession of a gun and counsel's not preserving for review an allegedly improper comment by an officer.

-2-

Faniel also filed state habeas corpus petition dated May 2, 2000, alleging that his appellate counsel rendered ineffective assistance. He faulted appellate counsel for not raising a deprivation of his constitutional right to a public trial as a matter of fundamental error. Faniel asserted that his trial counsel made several requests for his mother to sit in the courtroom during voir dire proceedings, and the state trial court denied the requests without considering reasonable alternatives presented by his trial counsel.

Following a response by the state, the state district court of appeal initially granted Faniel's state habeas corpus petition based on the trial closure issue. Faniel v. State, Not Reported in So. 2d, 2002 WL 180302, 27 Fla. L. Weekly D338 (Fla. 2d DCA Feb. 6, 2002). Unbeknownst to the state and to the state district court of appeal, on December 21, 2001, the state trial court had granted a new trial on Faniel's postconviction motion raising the underlying trial closure issue Faniel raised in his state habeas petition. When the postconviction order was brought to the state district court of appeal's attention, the habeas grant was withdrawn. Faniel v. State, 826 So.2d 345, 346 (Fla. 2d DCA 2002) (granting state's motion for rehearing and substituting denial of Faniel's petition on grounds of mootness).

On May 20, 2002, Faniel, represented by appointed counsel, entered a negotiated nolo contendere plea to one count of armed burglary; one count of felony causing bodily injury; two counts of armed robbery; and one count of attempted armed robbery. The state nolle prossed the charge for shooting within a building and for attempted felony causing bodily injury. (See Respondent's Exhibit 28, pp. 8 and 13).

Pursuant to the plea negotiations, Faniel was adjudicated guilty and sentenced to 15 years incarceration on each count, with the sentences to run concurrently with each other. Faniel did not appeal the state judgment, and the judgment became final 30 days later. See

McGee v. State, 684 So. 2d 241 (Fla. 2d DCA 1996)(treating Florida judgment and sentence imposed on entry of plea as final when time for filing appeal expired).

Faniel filed a Rule 3.850 motion for postconviction relief dated September 25, 2002, raising two claims of ineffective assistance of trial counsel.   By order filed January 13, 2003, the state trial court summarily denied Faniel's Rule 3.850 motion.  Faniel's motion for rehearing was denied on February 26, 2003.

Faniel appealed the summary denial. On July 23, 2003, the state district court of appeal per curiam affirmed in case no. 2D03-1159.  Faniel v. State, 856 So. 2d 2003 (Fla. 2d DCA 2003)[table]. Faniel filed a motion for rehearing, which was denied August 26, 2003. The mandate issued September 16, 2003.  Faniel then timely filed the present federal petition for writ for writ of habeas corpus.

## STANDARDS OF REVIEW

Because Faniel filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002).   The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

-4-

**A.**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); <u>Snowden v. Singletary</u>, 135 F.3d 732, 735 (11th Cir. 1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838,  842 (1999).[3] <u>See</u> <u>also</u>, <u>Henderson v. Campbell</u>, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001)); <u>Snowden v. Singletary</u>, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting <u>Duncan v. Henry</u>,  513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review.  "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court

---

[3] <u>O'Sullivan v. Boerckel</u>, 526 U.S. at 845, suggests a shift by the United States Supreme Court with regard to the terminology used in discussing exhaustion principles.  The majority of the [<u>O'Sullivan</u>] Court concluded that an issue that was not properly presented to the state court, and which can no longer be litigated under state procedural rules, did not satisfy the exhaustion requirement, and is procedurally barred from federal review. 526 U.S. at 839-840, 848. As noted by the dissenting opinion, prior case law characterized issues for which no vehicle existed for state court litigation to be exhausted but procedurally barred. 526 U.S. at 850, 852; see <u>Coleman v. Thompson</u>,  501 U.S. 722, 732 (1991); <u>Engle v. Isaac</u>, 456 U.S. 107 (1982); <u>Picard v. Connor</u>, 404 U.S. 270 (1971).

There are no unexhausted claims in Faniel's petition that can still be litigated in state court. If a claim is procedurally barred, federal review is precluded by virtue of that bar, and the exhaustion, or lack of exhaustion, is irrelevant. <u>O'Sullivan</u>, 526 U.S. at 848.

is discretionary." <u>Pruitt v. Jones</u>, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing <u>O'Sullivan</u>, 526 U.S. at 845).  This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance.  <u>O'Sullivan</u>, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." <u>Smith v. Jones</u>, 256 F.3d at 1138.  "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." <u>Henderson v. Campbell</u>, 353 F.3d at 891(quoting <u>Judd v. Haley</u>, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court.  <u>Henderson v. Campbell</u>, 353 F.3d at 892; <u>Marek v. Singletary</u>, 62 F.3d 1295, 1302 (11th Cir. 1995).  To show "'prejudice,"  Faniel must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."   <u>Hollis v. Davis</u>, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Faniel must show that there is at least a

-6-

reasonable probability that the result of the proceeding would have been different.  <u>Henderson v. Campbell</u>, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000); <u>Henderson v. Campbell</u>, 353 F.3d at 892.  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." <u>Henderson v. Campbell</u>, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence.  <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (2001) (citing <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998); <u>Murray v. Carrier</u>, 477 U.S. 478,  495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent").  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." <u>Calderon</u>, 523 U.S. at 559 (quoting <u>Schlup</u>, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The <u>Schlup</u> Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  <u>Schlup</u>  513 U.S. at 324.  This fundamental miscarriage of justice exception is not available unless "the petitioner

shows, as a factual matter, that he did not commit the crime of conviction." Ward v. Cain, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

No Presumption that State Court Ignored Its Procedural Rules

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. See Coleman, 501 U.S. 722, 735-36 (1991); Kight v. Singletary, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); Tower v. Phillips, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

**B.**

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001). "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly

established governing federal law.  Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77.  A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply.  Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable.  Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v.  Johnson, 532 U.S. at 791-792; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

**C.**

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.  The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)). Williams v. Taylor, 529 U.S. at 433-34.

DISCUSSION

A review of the record demonstrates that, for the reasons below, the present federal petition must be **DENIED.**

Faniel attacks the voluntariness of his 2003 nolo contendere plea on grounds of ineffective assistance of trial counsel. In his supporting facts, he claims his attorney deceived him by falsely asserting that a new motion to suppress had been filed after the state court

granted relief from his original judgment. In addition, Faniel faults his trial counsel for not adequately investigating the possibility of an affirmative defense based on the state's independent act doctrine.

These claims are procedurally barred.  Faniel defaulted and waived the claims of ineffective assistance of counsel concerning suppression of evidence and investigation of the underlying facts related to his crimes because the instances occurred prior to entry of his negotiated voluntary nolo contendere plea.  Faniel does not dispute that he was aware, prior to entry of his plea, of his Fourth Amendment suppression claim and a potential claim of legal innocence based on the independent act doctrine.

The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea.  See Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Following the entry of a guilty plea on the advice of counsel, the scope of a federal habeas corpus inquiry is limited to whether the plea was voluntarily and intelligently made.  Only an attack on the voluntary and knowing nature of the plea can be sustained. United States v. Broce, 488 U.S. 563 (1989) (when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary); Matthew v. Johnson, 201 F.3d 353, 364 (5th Cir.), cert. denied, 531 U.S. 830 (2000) (noting longstanding rule that valid guilty plea bars habeas review of non-jurisdictional claims alleging antecedent violations of constitutional rights).

A nolo contendere plea stands on equal footing with a guilty plea. North Carolina v. Alford, 400 U.S. 25, 35-36 (1970). Under Florida law, a plea of nolo contendere has the same effect as a guilty plea. See e.g., Vinson v. State, 345 So.2d 711, 715 (Fla. 1977) (nolo

-11-

contendere plea admits facts for purpose of pending prosecution and to that extent has same effect as guilty plea insofar as it gives court power to punish).   Pursuant to state law, a defendant who pleads guilty or nolo contendere without preserving the right to contest court rulings that preceded the plea in the criminal process may appeal only issues that occur contemporaneously with entry of the plea.  Robinson v. State, 373 So. 2d 898 (Fla. 1979).[4]  An issue is preserved for appeal on a nolo contendere plea only if it is dispositive of the case. Brown v. State, 376 So. 2d 382, 384 (Fla. 1979) ;  State v. Carr, 438 So. 2d 826, 828 (Fla. 1983).

In Faniel's case, the alleged factual underpinnings of his claim are alleged to have occurred prior to entry of his nolo contendere plea rather than contemporaneously with the plea.  More particularly, Faniel knew about any suppression issues and he waived these issues when he entered his unconditional plea.  Whitlow v. State,  256 So.2d 48 (Fla. 2d  DCA 1971) (effect of guilty plea was to waive trial on merits and, therefore, preclude attack, by way of postconviction motion to vacate judgment of conviction and sentence, on validity of any search or seizure of evidence or admissibility of evidence).

Faniel's voluntary plea also precluded pursuit of potential affirmative defenses that were not jurisdictional in nature,  such as a claim with respect to the charge, in contrast to a claim of a coerced plea.[5]  By entry of a voluntary guilty plea, a defendant necessarily relinquishes the

---

[4] In such circumstances, only the following issues are appealable:  1) the subject matter jurisdiction; 2) the illegality of the sentence; 3) the failure of the government to abide by the plea agreement; and 4) the voluntary and intelligent character of the plea.  Robinson v. State, 373 So. 2d at 902.  If the record raises issues concerning the voluntary or intelligent character of the plea, that issue must first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea. Id.

[5] Cf., United States v. Williams, 838 F. Supp. 1 (d. D.C. 1993) (Unlike defense of duress to criminal acts, allegation of coercion at plea stage goes directly to voluntariness of plea and is proper basis for collateral attack).

-12-

right to a jury trial, to assistance of counsel, to raise a defense, and to confront his or her accusers.  See Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)(entry of a guilty plea involves waiver of the right against self-incrimination, the right to trial by jury, and the right to confront one's accusers);  United States v. Broce, 488 U.S. at  573 (relinquishment derives not from inquiry into defendant's subjective understanding of range of potential defenses, but from admissions necessarily made upon entry of voluntary guilty plea).

Because Faniel did not reserve his underlying issues for appeal upon entry of his plea, Faniel's voluntary and intelligent plea waived his antecedent non-jurisdictional claims he raises in the present federal petition. The waiver effect of Faniel's voluntary plea also applies to his claims of ineffectiveness of counsel which do not implicate the validity of the plea itself.  See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir.),  cert. denied, 531 U.S. 919, (2000).

## PROCEDURAL DEFAULT

Furthermore, Faniel's allegations that suggest his nolo contendere plea was involuntary based on purported misleading information or deception by counsel are procedurally barred. Faniel defaulted his claim of counsel's coercion by failing to raise the claim in his 2002 Rule 3.850 motion. The thrust of the present federal petition is that his plea was infected by counsel's misleading Faniel to believe a new motion to suppress evidence had been filed, heard, and denied.  Faniel interprets this action as coercion. However, Faniel did not raise this claim in his 2002 Rule 3.850 motion.

In the 2002 Rule 3.850 motion, Faniel alleged that his trial counsel explained a motion to suppress evidence had been filed and denied.  Faniel did not, however, specifically claim that his counsel told Faniel he had filed a "new" motion to suppress. Faniel alleged he had  learned that no motion to suppress had ever been filed, heard, or denied. The state trial court summarily

denied his claim based on the state record, pointing to the motion to suppress evidence filed by trial counsel prior to Faniel's jury trial. It was only after the state trial court denied the Rule 3.850 motion  that Faniel <u>untimely</u> added allegations that his attorney told Faniel he had filed a "new" motion to suppress evidence and that the motion had "again" been denied.  Though Faniel framed his rehearing motion in terms of a motion for clarification, he did not dispute that his original 2002 Rule 3.850 motion did not include these specific assertions. The state trial court denied the rehearing motion, finding no legal reason compelling rehearing.

In Florida, if an original Rule 3.850 motion is timely and an amendment is filed before the trial court rules on the original motion, <u>and</u> the amendment is filed within the time limit, a court errs in failing to rule on the amendment and denying it as successive. <u>Gaskin v. State</u>, 737 So.2d 509 (Fla.1999). However, a rehearing motion which is in actuality a motion to amend a Rule 3.850 motion after the state trial court rules on the Rule 3.850 motion is treated as a successive Rule 3.850 motion.  See <u>Reid v. State</u>, 745 So. 2d 363 (Fla. 4th DCA 1999) (affirming denial of postconviction relief on the ground that defendant's rehearing motion was in reality an amended motion filed after the court had already denied the motion and was successive, citing Fla. R. Crim. P. 3.850(f)).

To overcome the bar, a movant must allege that the grounds asserted were not known and could not have been known to him at the time of the earlier motion. The movant must show justification for the failure to raise the issues in the prior motions. See <u>Christopher v. State</u>, 489 So. 2d 22, 24 (Fla. 1986).  Because Faniel's motion for rehearing raising new allegations was legally insufficient to meet the state's successive petition doctrine, Faniel did not overcome the bar.

Moreover, Faniel, in neither his Rule 3.850 motion nor his motion for rehearing faulted counsel for not adequately investigating the independent act doctrine as a potential defense in his case. If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992); Jackson v. Herring, 42 F.3d 1350, 1355 (11th Cir.), reh.'g denied, 51 F.3d 1052 (11th Cir. 1995)(petitioner's ineffective assistance claim was not raised in state court and was procedurally barred) .

If Faniel were now to bring this allegation in a second Rule 3.850 motion, he would be barred by the state's successive petition doctrine from raising such a stale claim. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991) (procedural default exists for federal habeas purposes even if the claim is unexhausted if the state court before which exhaustion would be required would find the claims procedurally barred); Tower v. Phillips, 979 F.2d 807 (11th Cir. 1992) (federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law; in addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted, unless petitioner is able to show both cause and prejudice resulting therefrom) (internal citations omitted).

Faniel has not shown cause and prejudice and has not established the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in Murray v. Carrier, 477 U.S. 478, 496 (1986). Allegations of cause are subject to default. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000)(ineffective assistance of counsel claim asserted as cause for procedural default of another federal claim could itself be procedurally defaulted).

-15-

Furthermore, Faniel fails to make out a threshold showing of entitlement to relief under 28 U.S.C. § 2254(d), (e).  The focus of this Court's AEDPA inquiry is not on the broad question of whether the state trial court erred in denying Faniel's claims of ineffectiveness of counsel, but rather on the limited question of whether the state court decision, followed by the silent affirmance, resulted in an objectively reasonable application of governing Supreme Court precedent. See Yarborough v. Gentry, 124 S.Ct. 1 (2003) (where state court's application of governing federal law  is challenged, it must be shown to be not only erroneous, but objectively unreasonable).

A challenge to a guilty plea based on a claim of ineffective assistance of counsel is evaluated using the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). See Hill v. Lockhart,  474 U.S. 52, 58 (1985).  The state decision in Faniel's case is not "contrary to" Strickland.  Faniel does claim otherwise, and he does not demonstrate that the state court decision resulted in an unreasonable application of Strickland or an unreasonable determination of the facts in light of the evidence.

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. Strickland, 466 U.S. at 690.  In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled. ' " Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)), cert. denied, 531 U.S. 1204 (2001).

Judicial scrutiny of counsel's performance must be highly deferential, and courts must avoid second-guessing counsel's performance.   Strickland, 466 U.S. at 689. "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel

-16-

made all significant decisions in the exercise of reasonable professional judgment. Id., 466 U.S. at 689-90. Therefore, counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken  might be considered sound trial strategy. Darden v. Wainwright, 477 U.S. 168 (1986).  If the record is incomplete or unclear about counsel's actions, then it is presumed counsel exercised reasonable professional judgment. Chandler, supra, at 1314-15 n. 15. The reasonableness of a counsel's performance is an objective inquiry. Id. at 1315.  For a petitioner to show deficient performance, he must establish no competent counsel would have taken the action that his counsel did take. Id.  To uphold a lawyer's strategy, a court need not attempt to divine the lawyer's mental processes underlying the strategy. Id. at n. 16.

Further, "[n]o absolute rules dictate what is reasonable performance for lawyers." Chandler, at 1317.   Absolute rules would interfere with counsel's independence--which is also constitutionally protected--and would restrict the wide latitude counsel have in making  tactical decisions. Id.  The reasonableness of counsel's performance is determined through deferential review of all of the circumstances from the perspective of counsel at the time of the alleged errors.  Strickland at 689.  Every effort should be made to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's perspective at the time." Id.

The test is not what the best lawyers would have done or what most good lawyers would have done, but only whether some reasonable attorney could have acted in the circumstances as this attorney did.  White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992). Within the wide range of reasonable professional assistance, there is room for different strategies, no one of which is "correct" to the exclusion of all others. Felker v. Thomas, 52 F.3d 907 (11th Cir. 1995).

To show prejudice in the context of a guilty plea, the defendant must establish that "there

is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and [would have] insisted on going to trial." <u>Hill</u>, 474 U.S. at 59.  When applying <u>Strickland</u>, the Court is free to dispose of claims of ineffectiveness on either of Strickland's two grounds. <u>Atkins v. Singletary</u>, 965 F.2d 952, 959 (11th Cir. 1992).

Each of Faniel's charges against counsel can be denied under the <u>Strickland</u> deficiency prong.  It is objectively reasonable to conclude that Faniel did not articulate sufficient facts that would show counsel had overlooked a viable basis either for suppression or a potential defense based on the state's independent act doctrine.  Faniel's allegations do not suffice to overcome the strong presumption that counsel did what he should have done and exercised reasonable professional judgment in investigating and counseling Faniel concerning the state's evidence and potential defenses. <u>Williams v. Head</u>, 185 F.3d 1223, 1228 (11th Cir. 1999).

Because Faniel failed to set forth the factual predicate in his Rule 3.850 motion, he was not entitled to develop his claim in state postconviction proceedings.  <u>See</u> <u>e.g.</u>, <u>Ragsdale v. State</u>, 720 So.2d 203, 207 (Fla. 1998)(where postconviction motion lacks sufficient factual allegations, or where alleged facts do not render judgment vulnerable to collateral attack, motion may be summarily denied).   As a result of Faniel's own failure to plead with specificity the factual basis for his ground, he is precluded from seeking factual development of his ground pursuant to 28 U.S.C. § 2254(e)(2).

With regard to his claim of coercion, none of Faniel's Rule 3.850 applications faulted the state trial court for undertaking less than a thorough plea colloquy to assure the voluntariness of his plea.  Nor did he dispute in his verified plea form that anyone had threatened or coerced him in any way to enter his plea, that he had discussed possible defenses with his attorney, and he was waiving the rights attendant with a jury trial.

-18-

Faniel, in self-serving fashion, attempted in his rehearing motion to go outside the record by claiming his counsel misrepresented a "new" motion to suppress had been heard and denied "again." It is objectively reasonable to dispose of this claim under the prejudice prong, as well as his other ineffectiveness claims.   Faniel provided no basis for another motion to suppress and did not show such a motion would have been a pivotal factor in his decision to plead.  Nor did he show that there were additional facts supporting an independent act defense not known to counsel by the time of his initial trial.

Faniel's assertions to the state trial court regarding the voluntariness of his plea  provide a further barrier to his claim that his plea was not knowing and voluntary.  Representations of the defendant at a plea proceeding as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  If Faniel had been concerned about any purported new suppression theory not advanced prior to his plea hearing, he could have inquired into the basis for denial of the suppression hearing and sought for counsel to preserve the right to appeal the denial of the suppression motion when he entered his plea. The fact that Faniel did not further pursue the matter of a second suppression motion supports the reasonable conclusion that he was no longer concerned about this matter at the time he entered his negotiated plea.

The same holds true with regard to Faniel's complaint of counsel's alleged inadequate investigation into the independent act defense.  Faniel has not shown that had Faniel's counsel pursued the independent act theory of defense or pursued an additional suppression motion, Faniel would have rejected the favorable plea offer extended by the state and taken the risk of

being convicted as he was at the original trial, with the accompanying possibility of a more severe sanction than the 15 year overall sentence.

It is objectively reasonable to conclude that Faniel's self-serving allegation that he would have proceeded to trial was insufficient to show actual prejudice. A mere allegation by the defendant that he would have insisted on going to trial, although required, is insufficient to establish prejudice. See Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (defendant's mere allegation that he would have insisted on trial but for counsel's errors, although necessary, is ultimately insufficient to entitle him to relief on an ineffective assistance claim; rather; Court looks to factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial); United States v. Arvantis, 902 F.2d 489, 494 (7th Cir. 1990).

Faniel was aware of the charges against him.  He elected to enter his plea to avoid the possibility of a more severe sentencing outcome if convicted at trial.   He gained dismissal of two counts and a more favorable outcome than his previous trial and direct appeal had produced.  Faniel's federal petition is devoid of objective facts which show that but for the asserted omissions of counsel, Faniel would not have accepted the favorable bargain and would have insisted upon retrial on the charges for which he had been found guilty once before, thereby risking imposition of a more severe penalty. Based on the present record, it is objectively reasonable to conclude that Faniel was the individual who freely aborted further investigative efforts because he desired to accept a favorable plea bargain which shielded him from additional convictions and a more severe sanction.

Plea Not Involuntary

Faniel has not shown that his plea was involuntary. The standard for determining the validity of a plea is whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant.  North Carolina v. Alford, 400 U.S. 25, 31 (1970) ; Boykin v. Alabama, 395 U.S. 238, 242 (1969); Hill, 474 U.S. at 56.  If a defendant understands the charges against him, understands the consequences of the guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review. Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991).

Faniel does not dispute that he understood the charges to which he was pleading and the possible penalties he faced.  Nor does he offer anything that would call into question his plea form or affirmations to the plea court.  Furthermore, Faniel does not explain, particularly in view of the historical fact of guilty verdicts in his jury trial, why he would have rejected the favorable bargain and insisted on going to trial again. It is objectively reasonable to conclude from his own pleadings that Faniel does not furnish a sufficient basis to conclude there was any coercion that affected the voluntariness of his negotiated plea.  An otherwise valid plea is not involuntary because it was induced by a defendant's desire to limit the possible maximum penalty to less than that authorized if there were a jury trial. See Parker v. North Carolina, 397 U.S. 790 (1970).  The threat of a harsher sentence does not render a plea involuntary. Brady v. United States, 397 U.S. at 758.

The  record demonstrates that Faniel entered his plea voluntarily and knowingly with full awareness of the relevant circumstances and likely consequences of the plea, Boykin v. Alabama, 395 U.S. at 242,  and his plea represented a voluntary and intelligent choice among the alternative courses of action open to him. North Carolina v. Alford, 400 U.S. at 31. Thus,

the state court decision resulted in a reasonable application of United States Supreme Court established precedent and a reasonable determination of the facts in light of the evidence.

Accordingly, the Court orders:

That Faniel's petition for writ of habeas corpus is denied, with prejudice.  The Clerk is directed to enter judgment against Faniel and to close this case.

ORDERED in Tampa, Florida, on  April 20, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Curtis Faniel